UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC D. BOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-0847-JMS-TAB |
| | ) |
| STATE OF INDIANA, | ) |
| IMPD, | ) |
| | ) |
| Defendants. | ) |

**Entry and Order to Show Cause**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is granted. The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

This Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 868 (2009). Pro se complaints such as that filed by Bowman are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Plaintiff Bowman filed this civil action against the State of Indiana and the Indianapolis Metropolitan Police Department ("IMPD"). [Filing no. 1]. He alleges that during a routine traffic stop on March 1, 2010, several IMPD officers used excessive force to remove him from his vehicle and arrest him. He contends that the IMPD did this based on his race. He seeks both money damages and expungement of his record.

Bowman's complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Neither the State of Indiana nor the IMPD are persons subject to suit pursuant to § 1983. *Will v. Dep't of State Police*, 491 U.S. 58, 70 (1989); *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th 2011). Accordingly, both the State of Indiana and the IMPD are dismissed.

Additionally, according to the complaint, this cause of action arose on March 1, 2010. [Filing no. 1, at ECF p. 3]. This complaint was filed on May 27, 2014, well after the expiration of Indiana's 2-year statute of limitations. *See Martin v. Heuer,* 483 F. App'x 287, 289 (7th Cir. 2012). It is, of course, irregular to dismiss a claim as untimely under Rule 12(b)(6). . . . However,

. . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads himself out of court by alleging facts that are sufficient to establish the defense. *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006)(internal citations omitted).

Although the requirements of notice pleading are minimal, when a plaintiff pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court. *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).

Bowman shall have **through July 2, 2014,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 06/02/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Eric D. Bowman
1486 Stanford Drive
Avon, Indiana 46123